ELIZABETH WHATLEY v. PASCAL AUSTIN, Adm'r.

A judgment in a suit against an administrator, ordering a claim against the succession to be paid with privilege, though the question of privilege may have to be settled afterwards, contradictorily with the rest of the creditors, is final as to the administrator, and may be appealed from by him.

Mismanagement, or failure to pay over money received, gives no privilege upon the the property of an agent.

Privileges are only allowed where the law expressly accords them.

The privilege of a depositor is only upon the price of the thing deposited, where it has been sold.

It is of the essence of the contract of deposit, that the thing deposited is to be preserved and returned in kind.

APPEAL from the Court of Probates for the parish of Catahoula, *Taliaferro*, J. The defendant was administrator of the estate of Thomas Bryan, deceased.

*Garrett*, for the plaintiff.

*Phelps*, for the defendant and appellant.

GARLAND, J. The plaintiff, in the year 1838, delivered to Bryan, a short time previous to his death, her crop of cotton, to be sold by him, and the proceeds paid to her. In this matter Bryan acted as the friend of plaintiff, she being unacquainted with business matters. The cotton was to be shipped to and sold in New Orleans, at the cost and risk of plaintiff. Bryan consigned the cotton to Messrs. A.Ledoux & Co., by whom it was sold, and it is admitted the nett proceeds amounted to $1115 61, which were placed to the credit of Bryan, who died before paying over any portion thereof to plaintiff. When Bryan's estate was inventoried, the sum of $701 83 was standing to his credit on the books of Ledoux & Co., and he had in cash $118. He also possessed a property inventoried at $62,204 38, more than half of which consisted of debts owing him as a merchant. In the record it is stated, 'it is feared, though not yet fully ascertained, that the succession of Bryan will prove insolvent ;' and in the argument the insolvency is admitted.

Upon a statement of facts made and signed by the counsel of the plaintiff and defendant, the case was submitted to the probate judge, who gave a judgment for the plaintiff for the nett proceeds of the crop, and recognized the claim as a privilege against the succession;

to be paid as such by the administrator. From this judgment he appealed.

The plaintiff moves to dismiss the appeal, because, he says the judgment is not final, but merely interlocutory, and causes no irreparable injury, because the question of privilege must be settled hereafter, contradictorily with the other creditors. This may possibly be true; but so far as the administrator is concerned, the judgment is certainly final. It orders him to pay a certain sum, and allows the plaintiff a privilege for the amount. Because that judgment cannot be executed immediately, is not a reason why it is not final. The appeal must therefore be maintained.

On the merits of the case, the judge of the court of probates was correct in giving judgment for the amount claimed, as a debt owing by the deceased; but he erred in allowing it to be paid as a privileged debt. The art. 3152 of the Code is express, that privileges can only be allowed, when the law accords them in terms, and this court have so decided in many cases. From the evidence it is clear, that Bryan was only an agent of the plaintiff to sell her crop of cotton; it was put into his hands to sell and dispose of, not to be preserved and returned in kind, which is the essence of the contract of deposit. Civ. Code, arts. 2897, 2915. For mismanagement or failure to pay over money received, no privilege is given upon the property of an agent, and the privilege given to the depositor is only upon the price of the thing deposited, if it has been sold. Civ. Code, art. 2933.

It may be, if the plaintiff can prove that the funds on hand at the time of the death of Bryan, or those in the hands of Ledoux & Co., at that period, were the proceeds of her cotton, which Bryan had shipped, that she might claim the amount as being her property, and not forming a part of the succession, in which event she would have to enter any sum so recovered as a credit upon the present demand.

The judgment of the probate court is therefore reversed so far as it accords a privilege to the plaintiff for the amount claimed and adjudged to her, and affirmed so far as it relates to the sum ordered to be paid; the plaintiff and appellee paying the costs of this appeal.