HON. LYNN B. WATKINS,
HON. SAMUEL D. McENERY,
HON. JOSEPH A. BREAUX,
*HON. CHARLES PARLANGE.
} *Associate Justices.*

*Appointed on the 4th day of October, 1893.

---

### No. 11,285.

### A. CLASON & CO. VS. THE CITY OF NEW ORLEANS.

Moneys standing to the credit of a non-resident firm on the books of a New Orleans bank are not taxable. The relations between a bank and its customers are those of creditor and debtor. The moneys are not specially deposited to be identically restored. They go into the mass of the bank's money with the understanding that they might be used and should be the basis of items of a debit and credit account. Such a debt is not distinguishable from those due to the foreign firm from any other cause.

A PPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*H. Heidenhain* for Plaintiff and Appellee.

*E. A. O'Sullivan*, City Attorney, and *Henry Renshaw*, Assistant City Attorney, for Defendant and Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J. Plaintiffs allege themselves to be a firm domiciled in the city of Manchester, England, and doing business in the city of New Orleans. They aver that on October 14, 1892, through their representative in that city, Ernest Overbeck, they were served with a notice of threatened seizure (which they annexed to their petition) by the treasurer of New Orleans, calling upon them for the payment of a city tax of 1892 amounting to $400, besides interest and costs, based upon an alleged assessment on the sum of $20,000 on money at interest and cash.

They allege that during the year 1892 they had no money at interest or cash in the city of New Orleans, and therefore said assessment is absolutely null and void.

That in pursuance of said notice the said treasurer had placed a keeper at their office, and claimed to have seized other property of theirs not assessed, all of which proceedings are null and void, arbitrary and unwarranted.

That if they owe any tax to the city of New Orleans, which is denied, then the proceedings of the treasurer are premature, because they have until the 1st of November to bring a direct action to cancel or reduce said assessment.

That they have taken all necessary legal steps to have said assessment canceled without success.

That they fear that, unless restrained, the treasurer would persist in his efforts to collect said illegal tax by the seizure and sale of property of theirs not liable therefor, and otherwise harass them to their great detriment and injury.

They prayed for an injunction restraining the city of New Orleans from attempting to collect the said tax by the seizure and sale of their property—for citation upon the city and for a judgment in their favor perpetuating the injunction and annulling the assessment.

The injunction asked for was granted.

The notice referred to in the petition is as follows:

" NEW ORLEANS, October 14, 1892.

" *To A. Clason & Co., No. 45 Union Street:*

" By authority of the laws of the State of Louisiana and ordinances of the city of New Orleans demand is hereby made on you for the

payment of city taxes for the year 1892, as per assessment for said year on money at interest, cash, etc. Amount of assessment, $20,000.

| | |
|---|---:|
| Amount of tax at 2.02 | $404 00 |
| 10 per cent. interest from June 23, 1892 | 12 58 |
| Advertising | 10 |
| Notices | 10 |
| Keepers at $1.50 per day, 1 day (10-14) | 1 50 |
| Total | $418 28 |

" In default whereof your property will be seized and sold, according to law.

  (Signed)      : "CHARLES H. SCHENCK,

    " *Treasurer of the City of New Orleans.*"

The city, reserving the benefit of any and all exceptions to which it might be entitled, filed an answer denying all and singular the allegations of plaintiffs' petition, and excepting that the State tax collector had not been made a party to the suit. It prayed that it be dismissed, with judgment in its favor.

No action seems to have been taken upon this exception. On trial of the case judgment was rendered in favor of the plaintiff and against the city of New Orleans, perpetuating the injunction issued and restraining the city from attempting to collect the tax claimed by it. Defendant has appealed.

During the trial a copy from the assessment rolls of the assessment against A. Clason & Co. was filed. It is as follows:

" Sq. No. 228, Union, Gravier, Carondelet and Baronne streets; Arthur Clason & Co., cotton buyers.

" Money loaned on interest, all credits and all bills receivable for money loaned, and all credits of any and every description, $10,000.

" Money in possession, on deposit or in hand, $10,000."

Only one issue is presented to us for consideration, that of the liability of the plaintiffs to taxation on moneys standing to their credit in bank.

The plaintiff is a commercial firm having its domicil in Manchester, England. It has an office in New Orleans at which its sign is displayed, and it pays a license for the privilege of carrying on its business. Its business in this State is confined to making, through a clerk or agent stationed here, purchases of cotton for shipment to the house in Europe. Its operations are extensive, requiring an outlay varying from $900,000 to $1,200,000 *per annum* for its cotton

purchases, which average about 30,000 bales a year. The agent of the firm, in his testimony, says that the money used to buy and pay for the cotton is raised through exchange. "When he gets an order to purchase he pays for it when shipped—he draws on the house in Manchester and gets the money from the bank. He delivers a bill of lading, and against that bill he draws a bill of exchange, which he deposits in bank and draws a check to pay for the cotton. He sells the exchange to the bank (sometimes to parties other than the bank), which gives him a check for the exchange. This he deposits in bank and the firm is given a credit for the amount against which he checks." In answer to questions propounded to him, he said that "occasionally, on rare occasions, he drew clear drafts; that for such purposes there was an open credit which would cover the drafts. He would give the bank the draft; there was no discount; he would sell the draft and deposit the proceeds to credit in bank."

The question submitted to us is whether these amounts standing in bank to the credit of the plaintiffs are subject to taxation.

In Insurance Co. vs. Board of Assessors, 44 An. 762, we held that the fact that foreign corporations did business in this State through a local board of directors made up of residents of New Orleans did not localize the company itself to a greater extent than if the business were conducted by an agency not organized into a board, and that whether represented by a board of their selection or by agents, they remain foreign companies, and in so far as relates to residence the same rule applies.

We also held that debts due to a non-resident of a State are not liable to be taxed by a State in which he did not reside. That his credits are not within the State's jurisdiction. These views were reaffirmed in the case of Railey vs. the Board of Assessors, 44 An. 765.

In the first case mentioned, referring to the second item on the assessment, which figured as "money in possession," we said the evidence showed that the company was correctly assessed; that it was property within the State and subject to taxation; that it was visible and tangible, and expressly made taxable by statute, and is taxable where situated; that the authorities which maintained that debts could not be assessed against non-residents had established the rule that non-residents owning tangible and movable property within the State might be taxed. This ruling was based upon an admission by

the plaintiff company that it had an amount of $10,000 money in cash in the city of New Orleans (44 An. 762).

Under the principles enunciated in those cases the fact that the plaintiff has a resident clerk acting for it in the city of New Orleans, and that it has an office, and pays a license there, is unimportant. For the purpose of a determination of the issue involved herein we have to deal with the the plaintiffs as *non-residents*, and *in so dealing with them* we are of the opinion that the judgment of the lower court is correct. We can not distinguish between the debt due to the plaintiffs by a bank as arising from a deposit to the credit of the firm in money and that due to it from any other cause.

The relations between the plaintiff and defendant are those of creditor and debtor. The moneys were not specially deposited and to be identically restored. They went into the mass of the bank's money with the understanding that they might be used and should be the basis of items in a debit and credit account. Sims vs. Bean, 10 An. 347; Mathews, Finley & Co. vs. Their Creditors, 10 An. 344.

For the reasons herein assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.