(47 South. 27.)

No. 16,716.

NEW ENGLAND MUT. LIFE INS. CO. v. BOARD OF ASSESSORS et al.

(June 22, 1908.)

1. TAXATION — PROPERTY  SUBJECT—FOREIGN CORPORATIONS.

Moneys realized in the course of a business carried on in this state by a foreign corporation through a local agent, and deposited daily in one of the banks of this state for transmission, are

taxable in this state. The average daily balance is situated here and is taxable.

**2. SAME—ASSESSMENT—DEMAND FOR REDUCTION.**

An alternative demand for reduction of assessment may be cumulated with a demand for cancellation.

**3. SAME.**

Plaintiff cannot ask for a greater reduction than that prayed for in the petition.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Duvieve King, Judge.

Action by the New England Mutual Life Insurance Company against the board of assessors and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Denègre & Blair and Henry Hansell Chaffe, for appellant. George Hitchings Terriberry, for appellee board of assessors. Francis Charles Zacharié (Harry Prentis Sneed, of counsel), for appellee tax collector. Henry Garland Dupré, Asst. City Atty., for appellee city of New Orleans.

PROVOSTY, J. The plaintiff company is a corporation created under the laws of Massachusetts. It is domiciled in Boston, and does a life insurance business in this state through a local agent. For the year 1906 it was assessed as follows:

"Money in possession on deposit or in hand $4,000."

It contests the assessment on the ground that it has no money in this state, except such as is in course of transmission, and therefore not situated in this state, and, in consequence, not taxable in this state; also, on the ground that the assessment is at all events excessive. It prays for cancellation, and in the alternative for reduction to $689.17.

The facts are these: The premiums collected by the local agent for the plaintiff company are deposited in bank daily as collected, to the credit of an account kept in the name of "Horace R. McLean, General Agent." They are remitted to the home company weekly, not integrally, however. A balance is always maintained to the credit of the account. The amount of this balance is not proved. The general agent, the only witness examined, was unable to say what it was.

We think these bank deposits are taxable. This money has been realized in the course of a business done in this state. General Electric Company v. Board of Assessors (recently decided) 46 South. 122.[1] In that respect it is distinguishable from the bank deposits involved in the case of Clason v. City, 46 La. Ann. 1, 14 South. 306. It cannot be said to be transient, since the average amount is constantly here, and what is assessed is this average amount, and not the amount on deposit at any particular time. Section 7, Revenue Law (Act No. 170, p. 350, of 1898). The constantly flowing river is as permanent as the fixed mountain.

The amount of this average was sought to be proved, in support of the demand for reduction of the assessment; but the evidence was ruled out, on the ground that a suit for reduction cannot be joined by way of alternative to a suit for cancellation; also, on the ground that the plaintiff not having made a return of its property to the board of assessors, as required by law, was estopped, under section 25 of the Revenue Law (Act No. 170, p. 360, of 1898), from contesting the amount of the assessment.

No reason is suggested for the ruling sustaining the first ground, and we cannot think of any. The second ground was improperly sustained, since the estoppel in question was not pleaded. The contention that the making of the objection was in itself a sufficient pleading of the estoppel can hardly be serious.

For taking evidence on the demand in reduction, the case will have to be remanded.

Defendant contends that plaintiff is estopped from asking for a greater reduction than

[1]Ante, p. 116.

that asked for in the petition, or for a reduction below the amount named in the application for cancellation addressed to the defendant board. This contention is good as to the petition. No greater relief can be given plaintiff than that asked for in the petition. But in the application for cancellation plaintiff did not fix any particular amount, but merely stated, not with a view to reduction (there was no prayer for reduction), but merely by way of argument in support of the application for cancellation, that "there never is $4,000 in bank; scarcely ever more than $2,000." This is very far from being an admission that the average amount of the bank account throughout the year was $2,000.

Judgment set aside, suit for cancellation of assessment dismissed, and case remanded for the restricted purpose of trial of the demand for reduction on the present pleadings. Defendant to pay costs of appeal; other costs to abide result of suit.

BREAUX, C. J., concurs.