(64 South. 983)

No. 20,110.

YOUNG, State Bank Examiner, v. TEU-
TONIA BANK & TRUST CO.

(April 13, 1914.)

*(Syllabus by the Court.)*

BANKS AND BANKING (§ 166*)—INSOLVENCY
—PRIORITIES.

Judgment affirmed, for reasons assigned in
William L. Young, State Examiner of State
Banks, v. Teutonia Bank & Trust Co., No.
19,967, 64 South. 806, 134 La. 879.

[Ed. Note.—For other cases, see Banks and
Banking, Cent. Dig. §§ 574–578, 586; Dec. Dig.
§ 166.*]

Appeal from Civil District Court, Parish of
Orleans; George H. Théard, Judge.

The Teutonia Bank & Trust Company was
placed in the hands of William L. Young,
State Bank Examiner, for liquidation. To
the first provisional account filed, Edward
Earle Curtis filed opposition, and, from a
judgment rejecting his demand, he appeals.
Affirmed.

See, also, 64 South. 984, post, p. 66.

Carroll, Henderson & Carroll, of New Or-
leans, for appellant. John J. Reilley, of New
Orleans, for appellee.

135 LA.—3

---

(64 South. 984)

No. 20,085.

YOUNG, State Bank Examiner, v. TEU-
TONIA BANK & TRUST CO.

(April 13, 1914.)

*(Syllabus by the Court.)*

BANKS AND BANKING (§ 166*)—INSOLVENCY
—PRIORITIES.

The custom of banks is to mingle money
collected by them for account of others with
their general funds, and to remit by means of
their own checks, and those who deal with them
are presumed to know the custom and to in-
tend to abide by it, unless the paper forwarded
for collection is accompanied by special instruc-
tion to the contrary. In the absence of such
instructions, the forwarding bank becomes the
ordinary creditor of the collecting bank, and has
no right to be paid by preference from the funds
on hand at the time of its insolvency.

[Ed. Note.—For other cases, see Banks and
Banking, Cent. Dig. §§ 574–578, 586; Dec. Dig.
§ 166.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

The Teutonia Bank & Trust Company was placed in the hands of William L. Young, State Bank Examiner, for liquidation. To the first provisional account filed by him, the Southern Commercial Savings Bank of St. Louis filed opposition and from a judgment rejecting its demand, it appeals. Affirmed.

See, also, 64 South. 806, 134 La. 879; 64 South. 983, ante, p. 65.

Frank E. Rainold, of New Orleans, for appellant. John J. Reilley, of New Orleans, for appellee.

MONROE, J. Opponent has appealed from a judgment rejecting its demand to be paid, "from the funds in the vaults" of the insolvent defendant bank, the sum of $796.50, as the proceeds of a check for that amount which had been forwarded to defendant for collection, and collected by it, but the proceeds of which had been mingled with its own funds, and not accounted for, save by means of a draft on New York which had not been paid, the defendant having, in the meanwhile, been taken in charge by the State Bank Examiner and found to be insolvent, though there was at that time in its vaults the sum of $23,268.63, and the aggregate amount of claims against it for collection and not accounted for was $7.493.49.

It is admitted that the opponent bank kept no account with the defendant bank, but "merely sent this check for collection and returns."

The contention on behalf of the opponent is thus stated in the brief of its counsel, to wit:

"(1) When a check is intrusted to a bank, with instructions to collect and remit the proceeds, the relation of depositor and banker is not created; the relation between the parties is that of principal and agent.

"(2) The ownership of a thing intrusted to an agent remains in the principal.

"(3) The product or substitute of a thing follows the nature of the thing itself, so long as it can be identified. So, the property of a principal, intrusted to an agent for a special purpose, is considered still the former's notwithstanding any change of form, so long as it can be identified.

"(4) The sole question to be decided is, What constitutes identification?"

Counsel further says in his brief:

"The court will observe that this case is almost identical with that of the Kansas City Flour Mills Company's appeal, argued some months ago; in fact this appeal would have been consolidated with No. 19,967 had it been filed in time."

In the case thus referred to (being the consolidated case of Kansas City Flour Mills Company and Merchants' Bank of Winona against the same defendant [Young v. Teutonia Bank & Trust Co., 64 South. 806[1]] Nos. 19,967 and 20,004), the question presented in this case was fully considered, and the court reached the conclusion stated as follows, to wit:

"The custom of banks is to mingle collection money with their general funds, and to treat it as their own, and to send their own checks in remittance.  *  *  *

"The great weight of authority in other jurisdictions is to the effect that banks and other senders of paper for collection and remittance are presumed to know this custom, and to intend to abide by it, unless collections are sent with special instructions to the contrary, and that the operation of this custom is to transfer the ownership of the money to the bank; the customer becoming, the moment the money is thus mingled, a mere creditor of the bank for the amount.

"See 2 A. & E. Enc. of Law, 819, 821; Morse on Banks, 590; Zane on Banks & Banking, § 178, p. 301; Tiffany on Banks & Banking, 207. There are common law decisions to the contrary, but the authorities cited, supra, are more in accord with our own jurisprudence, based on the provisions of the Civil Code."

Among the authorities to which the opinion thus alludes, as constituting our own jurisprudence, are the following, which support the propositions that the right of a principal to recover property in the hands of his defaulting agent is limited to those cases where there has been a deposit in kind, or

---

[1] 134 La. 879.

where the indentity of the thing is fully established; mismanagement or failure to pay over money received gives no privilege upon the property of an agent: Whatley v. Austin, 1 Rob. 21; Longbottom's Ex'rs v. Babcock, 9 La. 50; Matthews, Finley & Co. v. Their Creditors, 10 La. Ann. 342; Succession of Stone, 31 La. Ann. 311; Clason & Co. v. City of New Orleans, 46 La. Ann. 1, 14 South. 306; Girardey v. Southern Bank, 33 La. Ann. 957; In re La. Sav. Bank & Safe Dep. Co. in Liq., 40 La. Ann. 514, 4 South. 301; Civ. Code, arts. 2926, 2940, 2944, 2963, 3222.

We find no reason for changing the opinion as thus expressed, and the judgment appealed from is accordingly affirmed.

PROVOSTY, J., concurs in the decree. O'NIELL, J., takes no part.