No. 2484

Second Circuit

___

LEA v. EXCHANGE NATIONAL BANK

___

(May 22, 1928. Opinion and Decree.)

___

(*Syllabus by the Editor*)

1. **Louisiana Digest—Deposit—Par. 7.**
Where one borrows property which he is unable to restore through his negligent care, he should at least account for the value of the property at the date of the deposit in default of proof that the value of the property had depreciated through causes not attributable

to his fault, and was of less value than at the time of the deposit.

Appeal from the City Court of Shreveport. Hon. David B. Samuel, Judge.

Action by Allen C. Lea against Exchange National Bank.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. M. Grimmet, of Shreveport, attorney for plaintiff, appellee.

C. H. Lyons, of Shreveport, attorney for defendant, appellant.

WEBB, J. The plaintiff, A. C. Lea, filed this action to recover judgment against defendant for the restoration of certain furniture loaned by him to defendant, or its value, and defendant appeals from a judgment awarding plaintiff the amount alleged as the value of the furniture, subject to the right of defendant to restore certain pieces of the furniture at a value fixed in the judgment, the aggregate to be credited on the judgment, and defendant appealed.

The evidence conclusively establishes that plaintiff had loaned the defendant the furniture described in the petition, and that, with the exception of a few pieces, defendant cannot restore it, and both parties concede their rights should be determined under the law relative to deposit (C. C., Tit. XIII, Arts. 2926, et seq.) under which defendant was bounded to preserve the thing deposited and restore it to the plaintiff on demand (C. C., Arts. 2928, 2944; Whatley vs. Austin, 1 Rob. 21), and in default of ability to restore the property, that under the pleadings defendant should account for its value; but defendant contends that the value must be determined as of the date of the demand for restoration, and the value of the property at the date of the deposit cannot serve as the basis to determine the value at the date of the demand for restoration, and, if it may be considered, that the evidence does not establish with legal certainty the value of the property at the date of the deposit.

Considering the contentions in an inverse order, the evidence as to the value of the property at the date of the deposit was the estimate of its value made at approximately that time, by a dealer in the class of furniture deposited, and as there was not any evidence in conflict therewith, we think that such evidence was sufficient to fix the value of the property at the time of the deposit.

The evidence further establishing that defendant had parted with the possession of the property, and, with the exception of a few pieces, it was impossible for it to make restoration, and it appearing that defendant did not know when it parted with possession of the property or into whose possession it had passed, it was impossible for plaintiff to have established the value of the property at the time of the demand, and, conceding it was incumbent upon plaintiff to establish the value of the property at such time, he should not be held in default for failure to produce evidence which it was impossible for him to procure by reason of the fault of defendant in failing to retain possession of and preserve the deposit.

The contractual obligation of defendant was to preserve the property and restore it when demanded, and while defendant, if it had preserved the property and offered to return it when demanded, could not be held responsible for deterioration or depreciation, which may have followed

from a prudent use of the property for the purposes for which it was destined (it being loaned for such use) or from a decrease in the market value of the property (Berard vs. Boagni, 30 La. Ann. 1125) yet when the defendant in violation of its obligation to preserve the property has rendered it impossible for the plaintiff to fix the value of the property solely with reference to the date of the demand for its restoration, we think that the value of the property at the date of the deposit should be accepted as the value at the date of the demand for restoration in default of any evidence showing that the property had deteriorated or that its market value had decreased.

The obligation of defendant to preserve and restore the property was fiduciary in its nature and in event of its inability to restore the property, through its negligent care, we think that it should at least account for the value of the property at the date of the deposit, in default of proof that the value of the property had depreciated through causes not attributable to its fault, and was of less value than at the time of the deposit.

Plaintiff, A. C. Lea, died pending the appeal, and his wife and daughter having been made parties, the judgment appealed from is amended so as to substitute Mrs. L. B. Lea and Miss L. B. Lea, as parties plaintiff, and, as amended, the judgment is affirmed at defendant's cost.