STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-740


ENERFIN FIELD SERVICES, LLC

VERSUS

VERNON PARISH BOARD OF REVIEW



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 95838
HONORABLE TONY ALAN BENNETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**GARY J. ORTEGO**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Gary J. Ortego, Judges.


**AFFIRMED, IN PART, REVERSED, IN PART, AND RENDERED.**

**Brian Andrew Eddington**
**Attorney at Law**
**3060 Valley Creek Dr., Suite A**
**Baton Rouge, LA 70808**
**(225) 924-4066**
**COUNSEL FOR APPELLANT/CROSS-APPELLEE:**
    **Michael Bealer, Assessor for Vernon Parish**

**Cheryl M. Kornick**
**Liskow & Lewis, APLC**
**One Shell Square, Suite 5000**
**New Orleans, LA 70139-5001**
**(504) 581-7979**
**COUNSEL FOR PLAINTIFF/APPELLEE/CROSS-APPELLANT:**
    **Enerfin Field Services, LLC**

**Franklin "Drew" Hoffman**
**Jordan S. Varnado**
**Faircloth, Melton, Sobel & Bash, LLC**
**9026 Jefferson Highway, Suite 200**
**Baton Rouge, LA 70809**
**(225) 343-9535**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **The Louisiana Tax Commission**

**ORTEGO, Judge.**

This is a tax assessment case wherein the assessments of the Vernon Parish Tax Assessor of certain property, with a pipeline present, for the years of 2017 and 2018 were challenged by the property owner, first to the parish board of review, then to the Louisiana Tax Commission. The property owner, Enerfin Field Services, LLC, claimed that the value of pipelines on the property should have been assessed with a reduction for obsolescence. The Louisiana Tax Commission reversed the assessor's assessments and granted the property owner's request for a reduction based on its finding that the assessor was arbitrary and capricious in denying any reduction for obsolescence.

The assessor appealed the Louisiana Tax Commission's findings to the Thirtieth Judicial District Court and filed an exception to the Louisiana Tax Commission's intervention into this matter. The district court denied the assessor's exception but reinstated the assessments, finding that the Louisiana Tax Commission improperly reversed the assessor. For the following reasons, we affirm the district court's judgment regarding the exception, and reverse the district court's judgment reinstating the assessor's original assessments.

## FACTS AND PROCEDURAL HISTORY

This case arises out of two property tax matters and two decisions from the Louisiana Tax Commission ("LTC") from years 2017 and 2018. In both 2017 and 2018, Enerfin Field Services, LLC ("Enerfin") requested that Vernon Parish Tax Assessor, Michael Bealer ("the Assessor"), grant a reduction for obsolescence as to the assessment of the value of property owned by Enerfin that contains a pipeline.

3

By law, the LTC provides tables for assessors to use in valuing pipelines. Those tables are essentially based on the value of "replacement cost new" minus depreciation. One such depreciation is that of obsolescence.

In both 2017 and 2018, Enerfin submitted spreadsheets and an appraisal in support of its requested reduction of the value of the pipelines due to obsolescence. The Assessor denied both of those requests. Enerfin then appealed to the Vernon Parish Board of Review which upheld the Assessor's findings. Next, as required by law, Enerfin appealed the assessments to the LTC.

*January 10, 2017 LTC hearing*

Enerfin submitted to the LTC spreadsheets and an appraisal in support of its requested reduction of the value of the pipelines due to obsolescence. The Assessor failed to testify or submit any evidence at the January 10, 2017 hearing. The LTC found that the Assessor's denial of Enerfin's request for at least some reduction of the 2017 assessment for obsolescence was arbitrary and capricious, and as such, the LTC reversed the Assessor's ruling. After performing an evaluation of the evaluating the spreadsheets and appraisal submitted by Enerfin, the LTC found that Enerfin was entitled to a reduction for obsolescence in an amount less than Enerfin requested. The Assessor then filed an appeal of the LTC findings to the Thirtieth Judicial District Court in Vernon Parish.

*October 16, 2019 LTC hearing*

While that appeal was pending, Enerfin also sought a reduction of its assessment on the same property for the 2018 tax year. Again, the Assessor denied its request, the Vernon Parish Board of Review upheld the Assessor, and Enerfin appealed to the LTC. On October 16, 2019, the LTC heard the matter. Enerfin again submitted to the LTC spreadsheets and an appraisal in support of its requested

reduction of the value of the pipelines due to obsolescence. However, at this hearing, the Assessor testified. His testimony detailed why he denied Enerfin's requested reduction, and that while he had offered Enerfin at least some reduction for obsolescence in 2017, he testified that he did not in 2018. The LTC found that the Assessor's denial of Enerfin's request for at least some reduction of the 2018 assessment for obsolescence was arbitrary and capricious, and as such, the LTC reversed the Assessor's ruling. After evaluating the spreadsheets and appraisal submitted by Enerfin, the LTC found that Enerfin was entitled to a reduction for obsolescence again in an amount less than Enerfin requested.

The Assessor then amended and supplemented his pending appeal to the Thirtieth Judicial District Court adding and consolidating the ruling from the LTC for the 2018 assessment. Enerfin answered and opposed both appeals. The LTC then filed an intervention into the proceedings before the Thirtieth Judicial District Court. The Assessor filed an exception to LTC's intervention, which the court denied.

Thereafter, the district court, based on its review of the administrative records before the LTC, found that the LTC's rulings were neither supported nor sustainable by a preponderance of the evidence and exceeded the LTC's authority. As such, the district court reinstated the Assessor's assessments from both 2017 and 2018. The present appeal followed with both the Assessor and Enerfin alleging assignments of error.

### ASSIGNMENT OF ERROR - ASSESSOR

1. The district court erred in denying the exception of no right of action[.]

5

## ASSIGNMENTS OF ERROR - ENERFIN

1. The district court failed to follow the Louisiana Supreme Court decision in *D90 Energy* in three ways:
   - In reversing the Tax Commission decision, the district court failed to base its determination on the Record adduced at the Tax Commission.

   - In reversing the Tax Commission decision, the district court gave deference to the decision of the Assessor, rather than the decision of the Tax Commission.

   - In reversing the Tax Commission decision, the district court failed to apply the standards of the Administrative Procedure Act, La. R.S. 49:964, directing that courts uphold the decision of the Tax Commission unless it was arbitrary and capricious.

2. The Record demonstrates that the decisions of the Tax Commission were not arbitrary and capricious and were based on the Appraisal provided to the Assessor, and therefore should have been affirmed by the district court.

3. Even applying the "abuse of discretion" standard, it was an abuse of the Assessor's discretion, after being provided with the Appraisal, to refuse to grant any obsolescence, as the Tax Commission found.

## LAW AND DISCUSSION

*I.   Standard of Review*

The standard of review applicable to the district court's denial of the Assessor's peremptory exception of no right of action and intervention by LTC is de novo because it presents an issue of law. *Midland Funding, LLC v. Giles*, 21-304, 21-305 (La.App. 3 Cir. 12/15/21), 332 So.3d 744.

In reviewing the findings of an administrative body, the Louisiana Supreme Court, in *D90 Energy, LLC v. Jefferson Davis Parish Board of Review*, 20-200, p. 10 (La. 10/1/20), 341 So.3d 492, 499-500, stated the following:

> A reviewing court should afford considerable weight to an administrative agency's construction and interpretation of its rules and regulations adopted under a statutory scheme the agency is entrusted to

administer, and its construction and interpretation should control unless found to be arbitrary, capricious, or manifestly contrary to its rules and regulations. *Forbes v. Cockerham*, 2008-0762 (La. 1/21/09), 5 So. 3d 839, 859.

II.      *Exception of No Right of Action*

The Assessor's sole assigned error is that the trial court erred in denying the exception of no right of action filed in response to the LTC's petition for intervention. Louisiana Revised Statutes 47:1998(I) states, "The Louisiana Tax Commission shall receive a copy of every filing in a suit under this Section and may intervene in accordance with the applicable provisions of the Code of Civil Procedure."

The Assessor argues that La.R.S. 47:1998(I) does not expressly authorize intervention by the LTC. The statute merely allows the LTC to intervene "in accordance with the applicable provisions of the Code of Civil Procedure", which provides that "[a] third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action." La.Code Civ.P. art. 1091.

The LTC counters that its interest in these proceedings is to protect its authority to review and correct assessments made by parish assessors and to ensure that its decisions are subjected to judicial review rather than the decisions of parish assessors. The LTC points out that it is often a named party in similar proceedings and has even been ordered by courts to be added as an indispensable party.

Louisiana Constitutional Article 7, § 18(E) entitled Review, states, "The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law."

7

We find that this language by the Legislature plainly permits the LTC to intervene in judicial review proceedings. The LTC has an interest in how it is to perform its functions under the law as interpreted by the courts. Under the Assessor's view, the LTC's decision is afforded no weight and is merely advisory. The supreme court has spoken directly on this issue in *D90 Energy*, 341 So.3d 492, wherein it dictated that it is the LTC's decision that a trial court, acting as an appellate court, is to review. The LTC clearly has an interest in ensuring adherence to that jurisprudence and La.R.S. 47:1998.

Accordingly, we find no error by the trial court in denying the Assessor's exception, and thus, there is no merit to the Assessor's sole assigned error.

*III. Proceedings before the Trial Court*

In its first assignment of error, Enerfin contends that the trial court, acting in its capacity as an appellate court, failed to follow the Louisiana Supreme Court decision in *D90 Energy*, 341 So.3d 492. In its next assignment of error, Enerfin asserts that the LTC's decision should have been affirmed by the trial court as the record demonstrates that the decisions of the LTC were not arbitrary and capricious and were based upon the appraisal and evidence provided to the Assessor. Each of these assignments of error question the propriety of the trial court's decision to overturn the decision of the LTC and reinstate the Assessor's initial assessments. As such, we will address them under a single heading.

The supreme court, in the seminal case of *D90 Energy*, 341 So.3d 492, provides extensive guidance on how the review process functions properly in matters such as the case before us, stating:

> [T]he law provides for judicial review of the administrative record established before the Commission and of the final determinations

8

made by the Commission. [Louisiana Revised Statutes 47:978.1](G) sets forth the standard for judicial review:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> > (1) In violation of constitutional or statutory provisions;
> >
> > (2) In excess of the statutory authority of the agency;
> >
> > (3) Made upon unlawful procedure;
> >
> > (4) Affected by other error of law;
> >
> > (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> >
> > (6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

*D90 Energy*, 341 So.3d at 499.

In the case before us, the LTC had two separate hearings, one for the 2017 assessment and one for the 2018 assessment. In each hearing, the LTC found that the Assessor's refusal to apply any obsolescence whatsoever was an abuse of the

9

Assessor's discretion. The Assessor first appealed the 2017 assessment ruling by the LTC, then amended that appeal to add the 2018 assessment ruling by the LTC.

As noted by the trial court, Enerfin provided the Assessor with documents supporting both of its requests for a deduction for obsolescence: spreadsheets and appraisals. The trial court then pointed to the Assessor's testimony at a hearing regarding the 2018 assessment wherein the Assessor opined that the spreadsheets were merely numbers on a paper and the appraisal was not backed up by engineering reports. Thereafter, the trial court, citing *TBM-WC Sabine, LLC v. Sabine Parish Board of Review*, 17-1189 (La.App. 3 Cir. 7/18/18), 250 So.3d 1075, found, based on its review of the administrative records before the LTC, that it could not say that the Assessor abused his discretion in refusing Enerfin's requested deduction for obsolescence. As such, the trial court, without addressing each ruling separately, found that the LTC's rulings were neither supported nor sustainable by a preponderance of the evidence and exceeded the LTC's authority.

Applying the standards articulated in *D90 Energy*, we are to review as to whether the trial court was correct in its ruling and judgment that the administrative record before the LTC for each of the 2017 and 2018 assessments did not support and sustain by a preponderance of evidence the final determination made by the LTC, i.e., that the Assessor abused his discretion in denying Enerfin's obsolescence reduction request.

The hearing before the LTC on the 2017 assessment was held on January 10, 2018. The record of that proceeding indicates that the LTC was presented with evidence from Enerfin regarding obsolescence, namely spreadsheets detailing the obsolescence of the pipelines and an appraisal of those pipelines. The evidence was undisputed, as the Assessor did not testify at the hearing. In looking at the record

10

before the LTC, given the undisputed evidence, the LTC's determination is clearly supported by a preponderance of the evidence. Accordingly, we find that the trial court erred in reversing the LTC's ruling regarding Enerfin's 2017 assessment.

Next, the hearing before the LTC on the 2018 assessment was held on October 16, 2019. The record of that proceeding indicates that, again, the LTC was presented with evidence from Enerfin regarding its request for reduction for obsolescence. However, at this hearing, the Assessor testified that he had offered Enerfin some reduction for obsolescence in 2017, but because Enerfin did not agree with the amount and appealed his decision, the Assessor did not offer Enerfin any such reduction in 2018, despite the property being assessed and evidence submitted being identical in both 2017 and 2018.

After a thorough review of the record, we find that the trial court erred when it reversed the LTC's determination regarding Enerfin's 2018 assessment. First, the Assessor's decision to offer no reduction for obsolescence despite acknowledging that he offered a reduction the previous year for the same property in and of itself was arbitrary and capricious. Second, we are mindful of the following instructive language the supreme court noted in *D90 Energy*, 341 So.3d at 499, citing La.R.S. 49:964(G)(6) (emphasis added):

> In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, *due regard shall be given to <u>the agency's</u> determination of credibility issues*.

Here, the LTC had the first-hand opportunity to hear the evidence and judge the credibility of the testimony of the parties' witnesses, including the Assessor's

11

testimony, along with the contrary evidence by Enerfin's expert in these spreadsheets and appraisals as to their obsolescence reduction requests.

The trial court, on appeal, reached its own determination to give credence to the Assessor's credibility over that of Enerfin's experts from a cold record. As such, the trial court's judgment reversing the LTC necessitated substituting its credibility determinations for that of the LTC. In doing so, the trial court gave deference to the Assessor's determinations, which is completely contrary to the mandate provided by the supreme court in *D90 Energy*. Additionally, a review of the record before the LTC clearly shows sufficient evidence to support its determination granting Enerfin's request of reduction of the 2018 assessment for obsolescence. Accordingly, we find that the trial court erred in reversing the LTC's ruling regarding Enerfin's 2018 assessment.

Additionally, we note that the Assessor, both in brief and oral arguments addressing both the 2017 and 2018 assessments, made some arguments concerning the actions and authority of the LTC. The assessor first argued that the trial court could not consider any evidence presented at the LTC hearings and must rely solely on the data provided to the Assessor, that it is the assessor's determination under review by the trial court, not that of the LTC, and then argued that the LTC lacks authority to change the assessment. Louisiana Revised Statutes 978.1(F) (emphasis added) dictates that reviewing decisions of administrative agencies, such as the LTC, "shall be conducted by the court without a jury and *shall be confined to the record.*" Thus, per the plain language of the statute, the trial court is to review the record of the LTC hearings, including evidence presented to the LTC, and review the determinations made by the LTC. Accordingly, we find the Assessor's first two positions proposed and argued are clearly wrong.

12

Finally, the Assessor argues that the LTC lacks authority to change these assessments. We find this argument misplaced, and any merit to this argument would defeat the very purpose of the legislation creating the LTC, and directly conflict with the analysis of the supreme court in *D90 Energy,* 341 So.3d 492. Thus, this argument by the Assessor is without merit.

IV.    *Assessor's Abuse of Discretion*

Alternatively, in their final assigned error, Enerfin contends that it was an abuse of the Assessor's discretion, after being provided with the evidence and appraisal, to refuse to grant any obsolescence, as the LTC found. Having found that the trial court erred in reversing the LTC's determination and reinstating the Assessor's assessments from 2017 and 2018, we pretermit this assigned error.

## DECREE

Vernon Parish Assessor, Michael Bealer, raises a sole assignment of error that the trial court erred in denying his exception of no right of action as to the Louisiana Tax Commission's intervention. We find no error by the trial court in denying this exception.

Enerfin Field Services, LLC raises two assignments of error asserting that the trial court erred in reversing the determinations of the Louisiana Tax Commission that Assessor Bealer's assessments from 2017 and 2018 were arbitrary and capricious. We find merit to those assigned errors and reinstate the determinations made by the Louisiana Tax Commission. This finding pretermits Enerfin's final assigned error that the Assessor was arbitrary and capricious in his 2017 and 2018 assessments. Each party is to pay its own costs for this appeal. Specifically, Assessor for Vernon Parish, Michael Bealer, is assessed his costs of $446.06 per this appeal.

**AFFIRMED, IN PART, REVERSED, IN PART, AND RENDERED.**

13